HOLMES *v.* THORNTON CONSTRUCTION COMPANY, INC.

1. Trespass—Gravel—Wilful Trespass—Evidence.

Jury finding that defendant construction company in suit for trespass and taking of gravel from land of plaintiff was guilty of wilful trespass where defendant had entered into a good faith licensing arrangement for purchase of the gravel believing it to be on land of another and where defendant informed plaintiff of the trespass as soon as discovered, *held*, not supported by the record, which established a lack of showing of wilful trespass.

2. Same—Instruction—Damages—Sale Price—Deeds.

Instruction to jury in trespass action for taking of gravel that it could consider the price paid by defendant to plaintiffs for the land in question after the taking in fixing damages *held*, reversible error, as the deed on its face was a conveyance of real estate after the trespass, and the sale price should not have been taken into account in fixing the damages.

3. Costs—Trespass—Damages.

Costs are not allowed in action for damages resulting from taking of gravel, where judgment for plaintiffs is reversed on plaintiffs' appeal, the jury having been instructed improperly concerning damages.

---

References for Points in Headnotes

[1] 52 Am Jur, Trespass § 35.
[2] 52 Am Jur, Trespass § 47 *et seq.*
   Measure of damages for wrongful removal of earth, sand, or gravel from land. 1 ALR3d 801.
[3] 5 Am Jur 2d, Appeal and Error § 1011.

Appeal from Emmet; Fenlon (Edward H.), J. Submitted Division 3 November 4, 1965, at Grand Rapids. (Docket No. 327.) Decided October 25, 1966. Rehearing denied December 21, 1966. Leave to appeal denied by Supreme Court March 15, 1967. See 379 Mich 755.

Complaint by H. Stuart Holmes and Myrtle L. Holmes against Thornton Construction Company, Inc., a Michigan corporation, for trespass and damages resulting from the removal of gravel from land of plaintiffs by defendant. Verdict and judgment for plaintiffs. Plaintiffs appeal, claiming inadequate relief. Reversed and remanded for a new trial.

*Howard H. Campbell,* for plaintiffs.

*Frederick R. Hubbell,* for defendant.

Burns, J. This is an action for trespass and one of 3 cases consolidated for trial. The jury rendered a verdict in favor of the appellants in the amount of $2,500. They appeal, claiming: 1, that the trial court erred in allowing the jury to fix damages and 2, that a motion for a judgment notwithstanding the verdict should have been granted for the sum of $71,101.80, or as an alternative remedy a new trial should have been granted where the proofs show admitted facts that leave a rule of law for damages to be directed.

On February 1, 1962, the Thornton Construction Company, hereinafter referred to as Thornton, which had a contract with the Michigan State highway department for the construction of a highway in Emmet county, entered into a license for the removal of gravel from land owned by Frank and Norman Schmalzried. Removal operations started immediately and continued until March 21, 1962, when it was discovered that Thornton had removed

gravel not from Schmalzrieds' property, but from nearby properties, including that of the appellants.

The next day James Thornton, an officer of the corporation, visited Mr. and Mrs. Holmes at their home in Buchanan, Michigan, and purchased their property for the sum of $3,200. Mr. Thornton did not notify or tell them that the company had removed gravel. Mr. and Mrs. Holmes, an elderly couple, seldom visited their property and had no knowledge of the removal of the gravel from the premises until May of 1963, when they were advised of the removal of the gravel and its sale to the State highway department of Michigan.

In June of 1963, plaintiffs commenced the suit in Emmet county circuit court against the defendant, their complaint alleging a cause of action for trespass on land. Plaintiffs on appeal contend that their complaint sounds in the common-law action of trover for conversion.

After trial, the jury, on December 9, 1963, returned with a finding that the defendant was guilty of wilful trespass and assessed damages in the amount of $2,500. Plaintiffs appeal, contending that the verdict should have been approximately $71,000, since once the jury found a wilful trespass, plaintiffs were entitled to the value of the gravel at the time of conversion, i.e., when sold to the highway department at $1.35 per ton.

The record shows that the licensor, Frank Schmalzried, a township supervisor and resident of Emmet county, was generally familiar with the area, that he visited the site where the gravel was first removed, and did not realize at that time that the site belonged to the plaintiffs. It was on a subsequent visit when he realized that the gravel removal was taking place on land other than his own. He then notified the defendant who in turn contacted the plaintiffs.

True, the defendant did not advise the plaintiffs that a large amount of gravel had been removed from the property, but this does not determine whether the defendant was a wilful trespasser. The facts, that the defendant entered into a licensing arrangement with the Schmalzrieds and that when the defendant discovered the trespass it contacted the plaintiffs and advised them it was on their property, were certainly evidence of good faith on the defendant's behalf. The facts and the record establish that there is a lack of showing of wilful trespass by the defendant.

At trial, the court charged the jury as follows:

"Likewise, you are to take into account in fixing damages, if any are so fixed by you, that the plaintiffs H. Stuart Holmes and Myrtle Holmes have received the sum of $3,200 for the purchase of their land, on which the trespass was committed."

The court also instructed the jury that if it found the deed from the appellants to the appellee was an accord and satisfaction, it should return a verdict of no cause of action.

The jury, by its verdict, found that the deed in question was not an accord and satisfaction. The deed on its face was a conveyance of real estate after the trespass. The appellee received title to the land for the sum of $3,200 and said amount should not have been taken into account in fixing the damages.

While there are other issues raised, these need not be discussed in view of our findings. Judgment reversed and cause remanded for a new trial.

No costs.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.